**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SHETEL INDUSTRIES LLC,                    )        Case No.: 2:17-cv-02505-SJF-ARL
Plaintiff,                                )
vs.                                       )
ADIN DENTAL IMPLANT SYSTEMS,              )
INC., ADIN DENTAL SOLUTIONS USA,          )
INC., and JEREMY DANZER,                  )
                                          )
                                          )
Defendants.                               )
                                          )
                                          )
                                          )

---

                                          )
ADIN DENTAL IMPLANT SYSTEMS, INC.         )
ADIN DENTAL SOLUTIONS USA, INC.,          )
and JEREMY DANZER,                        )
                                          )
Counterclaimants and Third-Party Plaintiffs, )
                                          )
vs.                                       )
                                          )
SHETEL INDUSTRIES LLC, OSSEOGROUP         )
LLC, and MARKUS WEITZ as Director and     )
President of SHETEL INDUSTRIES LLC, and    )
Individually,                             )
                                          )
Counterclaim and Third-Party Defendants.  )

**DR. MARKUS WEITZ'S SUPPLEMENTAL MEMORANDUM OF LAW**
<u>**IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**</u>

**AMINI LLC**
131 West 35 Street, 12 Floor
New York, New York 10001
(212) 490-4700
*Counsel for Plaintiff, Counterclaim-Defendant,*
*and Third-Party Defendants*

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ...................................................................................................ii

**BACKGROUND** ................................................................................................................. 1

**ARGUMENT** .................................................................................................................... 4

   I.     DANZER HAS AN ADEQUATE REMEDY AT LAW ................................................. 4

   II.    DANZER CONFIRMS THAT HE HAS NO ACTIONABLE CLAIM AGAINST DR. WEITZ ................................................................................................. 6

   III.   THE PROMISSORY ESTOPPEL CLAIM FAILS SINCE IT IS PLED SOLELY IN EMPLOYMENT CONTEXT ...................................................................... 9

**CONCLUSION** ................................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**<u>Cases</u>**

*Allison v. Clos-ette Too, LLC*,
  No. 14-cv-1618 (LAK)(JCF), 2014 WL 4996358 (S.D.N.Y. Sept. 15, 2014)............................ 9

*Arias v. Women in Need, Inc.*,
  274 A.D.2d 353, 712 N.Y.S.2d 103 (1st Dep't 2000).................................................................. 4

*Blodgett v. Siemens Indus., Inc.*,
  No. 13-cv-3194(JMA)(AKT), 2018 WL 385477 (E.D.N.Y. Jan. 11, 2018)............................... 9

*Bongat v. Fairview Nursing Care Ctr., Inc.*,
  341 F. Supp. 2d 181 (E.D.N.Y. 2004)......................................................................................... 5

*Borey v. Nat'l Union Fire Ins. Co.*,
  934 F.2d 30 (2d Cir.1991) .............................................................................................. 5, n.3

*Century 21 Real Estate LLC v. Bercosa Corp.*,
  666 F. Supp. 2d 274 (E.D.N.Y. 2009).......................................................................... 5, n.3

*Crigger v. Fahnestock & Co.*,
  No. 01–cv–781 (JFK), 2003 WL 22170607 (S.D.N.Y. Sept. 18, 2003) .................................... 5

*Dalton v. Union Bank of Switzerland*,
  134 A.D.2d 174, 520 N.Y.S.2d 764 (1st Dep't 1987) ................................................................ 9

*It's All Good. Inc. v International Creative Mgmt., Inc.*,
  No. 94-cv-8459 (JFK), 1995 WL 622511 (S.D.N.Y. 1995) ....................................................... 8

*J.N.K. Mach. Corp. v. TBW, Ltd.*,
  155 A.D.3d 1611, 65 N.Y.S.3d 382 (4th Dep't 2017) ............................................................... 7

*Katsoolis v. Liquid Media Grp., Ltd.*,
  No. 18-cv-9382 (LGS), 2019 WL 4735364 (S.D.N.Y. Sept. 27, 2019) ..................................... 8

*Lowinger v. Lowinger*,
  287 A.D.2d 39, 733 N.Y.S.2d 33 (1st Dep't. 2001).................................................................... 4

*Merex A.G. v. Fairchild Weston Sys., Inc.*,
  29 F.3d 821 (2d Cir. 1994)..................................................................................................... 5, 6

*Novak v. Scarborough All. Corp.*,
  481 F. Supp. 2d 289 (S.D.N.Y. 2007)..................................................................................... 8, 9

*Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*,
   449 F. App'x 57 (2d Cir. 2011) ...................................................................... 5

*Rapay v. Chernov*,
   No. 16-cv-4910 (DLC), 2017 WL 892372 (S.D.N.Y. Mar. 6, 2017) ........................................ 8

*Rosenberg v. Home Box Office, Inc.*,
   No. 0601924/2005, 2006 WL 5436822 (N.Y. Sup. Ct. Jan. 30, 2006) ................................. 8, 10

*Scarpinato v. E. Hampton Point Mgmt. Corp.*,
   No. 12-cv-3681 (JFB)(GRB), 2013 WL 5202656 (E.D.N.Y. Sept. 13, 2013) ............................ 5

*Seguros Nuevo Mundo S.A. v. Trousdale*,
   670 F. App'x 4 (2d Cir. 2016) ......................................................................... 8

*Shapira v. Charles Schwab & Co.*,
   225 F. Supp. 2d 414 (S.D.N.Y. 2002) .................................................................. 9

*Strom v. Goldman, Sachs & Co.*,
   202 F.3d 138 (2d Cir. 1999) ........................................................................... 5

*Super Am. Tissue, Inc. v. Glob. Equip. & Mach. Sales, Inc.*,
   No. 18-cv-3851 (LGS), 2019 WL 6211709 (S.D.N.Y. Nov. 21, 2019) .................................... 8

*Van Brunt v. Rauschenberg*,
   799 F.Supp. 1467 (S.D.N.Y.1992) ...................................................................... 9

*Yetnikoff v. Mascardo*,
   63 A.D.3d 473, 882 N.Y.S.2d 9 (1st Dep't 2009) ....................................................... 5

Pursuant to this Court's September 30, 2020 Order (ECF No. 72, the "Order"), Third-Party Defendant Dr. Markus Weitz submits this brief in further support of his Motion for Summary Judgment (Dkt. Nos. 50-62) as to the Third-Party Claim for promissory estoppel (the "Claim") asserted by Jeremy Danzer. For the reasons suggested in the Order, and the arguments further set forth herein, the Court should dismiss the Claim with prejudice.[1]

## **BACKGROUND**

_Danzer's Claims_

In his Answer, Affirmative Defenses, Counterclaims and Third-Party Complaint, dated August 9, 2017 (ECF No. 9, the "TPC"), Danzer asserted a Counterclaim for breach of contract (CC#18) against Plaintiff Shetel Industries, LLC ("Shetel"), alleging as follows:

> "Mr. Danzer was promised by Dr. Weitz and Plaintiff a written contract of employment. Nonetheless, Mr. Danzer worked for Plaintiff for a number of years, and **contractual terms arose** out of a combination of the oral representations made by Dr. Weitz to Mr. Danzer and his wife in the first quarter of 2012 and the subsequent course of conduct of Plaintiff and Mr. Danzer. **Under these contractual terms**, Plaintiff was obligated to pay commissions to Mr. Danzer for all sales by Plaintiff, provide health and dental insurance, make matching contributions to Mr. Danzer's 401k account, and provide Mr. Danzer with ownership of a percentage of Plaintiff's stock. The agreement that Plaintiff would pay commissions to Mr. Danzer for all sales by Plaintiff, provide health and dental insurance, make matching contributions to Mr. Danzer's 401k account, and provide Mr. Danzer with ownership of a percentage of Plaintiff's stock **constitutes a valid and enforceable contract.** Mr. Danzer fully complied with the terms of the agreement with Plaintiff. In reliance on the promises of Dr. Weitz and Plaintiff as well as **the resulting contract with Plaintiff**, Mr. Danzer left his prior employment and worked exclusively for Plaintiff. Plaintiff is in **breach of its agreement with Mr. Danzer**, having failed to pay him amounts owed for commissions, provide health and dental insurance, make matching contributions to Mr. Danzer's 401k account, and provide Mr. Danzer ownership of a percentage of Plaintiff's stock. As a direct and proximate result of the above-described breaches, Mr. Danzer suffered damages in an amount to be determined at trial, but in no event less than $400,000 plus the

---

[1] In his October 30, 2020 Brief in Further Support of his Motion for Summary Judgment (ECF No. 74, the "Rule 56 Submission"), Danzer voluntarily dismissed his claims against Dr. Weitz for conversion and unjust enrichment, and Dr. Weitz will only address the sole remaining promissory estoppel claim here.

value of his portion of Plaintiff's stock.

TPC, pp. 74-75, at ¶¶244-251 (emphasis added).

Danzer thus alleges that he was promised by Shetel, pursuant to a contract with Shetel, that he would receive certain commissions, health and dental benefits, 401(k) contributions and equity ownership of Shetel itself; Shetel's alleged failure to provide commissions, insurance, 401(k) contributions and ownership purportedly damaged Danzer to the tune of no less than $400,000 plus the value of an unidentified portion of Shetel stock. As noted in the Court's Order (p. 3, n.1), Shetel has not moved to dismiss this claim, and it will proceed to trial.

Danzer also asserted two identical claims for promissory estoppel: one against Shetel (CC#19), and one against Dr. Weitz (TPC#14), both again seeking no less than $400,000 and the value of an unidentified portion of Shetel stock on account of the same alleged promises to provide commissions, insurance, 401(k) contributions, and ownership. As to Shetel, Danzer alleged as follows:

> Plaintiff and Dr. Weitz unambiguously promised Mr. Danzer that Plaintiff would pay commissions to Mr. Danzer for all sales by Plaintiff, provide health and dental insurance, make matching contributions to Mr. Danzer's 401k account, and provide Mr. Danzer with ownership of a percentage of Plaintiff's stock. In reasonable and foreseeable reliance on the promises of Plaintiff and Dr. Weitz, Mr. Danzer quit his prior employment and worked exclusively for the benefit of Plaintiff, originating extensive sales and significant revenue for the benefit of Plaintiff.  As a direct and proximate result of Mr. Danzer's reliance on the promises made by Plaintiff and Dr. Weitz, and the actions he reasonably and foreseeably undertook as a result, Mr. Danzer has suffered damages in an amount to be determined at trial, but in no event less than $400,000 plus the value of Plaintiff's stock.

TPC, p. 75 at ¶¶253-255.

As to Dr. Weitz, Danzer dropped the references to "Plaintiff" Shetel, but otherwise copied these exact same words. *See* TPC, pp. 105-106, at ¶¶116-118. Danzer thus asserted three claims setting forth the same substantive allegations and demanding the same damages: two against Shetel (one contractual, and one equitable) and another against Dr. Weitz (equitable only).

2

*The Court's Order*

In 2018, Shetel and Weitz moved pursuant to Rule 12(b)(6) to dismiss the two equitable claims for promissory estoppel, which motion was converted to a Rule 56 motion for summary judgment by the Court on February 12, 2019.  In further opposition to Shetel's and Dr. Weitz's motion, Danzer supplemented his initial opposition papers, submitting hundreds of exhibits for the Court's review but submitting *no* evidence, nor making *any* arguments, with respect to his promissory estoppel claims, instead solely relying on the pleaded claims in the TPC filed in 2018. As the Court noted (Order, p. 79), despite being given the opportunity to present evidence in support of his promissory estoppel claim when Shetel's and Dr. Weitz's motion was converted to a motion for summary judgment, Danzer "did not renew [his] initial arguments, nor otherwise address [his] promissory estoppel" claim.[2]

Shetel's motion was granted with respect to Danzer's promissory estoppel claim: the Court found that in light of Danzer's pleading the existence of an oral contract with Shetel, his repetition of the same allegations concerning the same damages under the guise of a promissory estoppel claim was "impermissibly predicated on allegations that Shetel violated the same promises made under its oral employment agreement with Danzer." Order, p. 77.  Indeed, as outlined *supra*, Danzer's contractual and equitable claims against Shetel assert the same allegations, concerning the same alleged promises of the same alleged payments, and seek the same damages.

As noted by the Court (Order, p. 79), Danzer's promissory estoppel claim against Dr. Weitz, too, asserts the same allegations as his contractual and equitable claims against Shetel, concerning the same alleged promises of the same alleged payments, and seeks the same damages.

---

[2] Indeed, the sole references to promissory estoppel in his Memorandum of Law with respect to summary judgment (ECF No. 47-129, pp. 1, 10) merely concede that this claim is an "equitable" one and suggest without elaboration that its dismissal would be "premature." Danzer has submitted no documentary evidence or testimony to bolster his claims sounding in equity against Dr. Weitz.

However, because Danzer did not assert a contractual claim against Dr. Weitz individually, the Court did not dismiss the promissory estoppel claim against Dr. Weitz as duplicative of any other. Instead, the Court noted that Danzer's promissory estoppel claim seeks nothing more than money damages ("in an amount to be determined at trial, but in no event less than $400,000 plus the value of Plaintiff's stock"), such that he has an obviously adequate remedy at law precluding this claim in equity.   Order, pp. 79-80. The Court thereby ordered him to show cause "why summary judgment should not be granted dismissing [his] promissory estoppel [] claim[] against Weitz… with prejudice for the reason, set forth above, that Danzer cannot maintain equitable claims since he has not demonstrated that he lacks an adequate remedy at a law." *Id.*, p. 117.

*Danzer's Rule 56 Submission*

Instead of explaining how Danzer's promissory estoppel claim can be maintained given the legal remedy available to him—a claim for breach of contract against Shetel that is proceeding to trial—Danzer's Rule 56 Submission recites the elements of a promissory estoppel claim under New York law, and reargues the factual bases for Danzer's asserting it.  *See* Rule 56 Submission, pp. 2-4.  Nowhere does Danzer address the equitable nature of the claim, or why it should survive alongside his other claims seeking identical monetary damages for the identical allegations. Furthermore, Danzer points to no evidence whatsoever with respect to the promises allegedly made by Dr. Weitz beyond simply repeating the allegations of his initial pleadings in the TPC.

## ARGUMENT

## I.    Danzer Has An Adequate Remedy At Law

As the Court noted, Danzer's claim for promissory estoppel is an equitable one.  *See* Order, p. 80, *citing Lowinger v. Lowinger*, 287 A.D.2d 39, 45, 733 N.Y.S.2d 33 (1st Dep't 2001), *lv. denied*, 98 N.Y.2d 605, 746 N.Y.S.2d 279, 773 N.E.2d 1017 (N.Y. 2002); *Arias v. Women in Need, Inc.*, 274 A.D.2d 353, 354, 712 N.Y.S.2d 103 (1st Dep't 2000).  Danzer does not dispute this point.

4

*See* ECF No. 56, p. 10 ("Defendants alleged equitable clams against Weitz, including…
promissory estoppel.").

Nor does Danzer dispute the fact that he cannot assert equitable claims when a plaintiff has
available to him an adequate remedy at law, such as a claim for monetary damages.[3]  *See, e.g.,*
*Scarpinato v. E. Hampton Point Mgmt. Corp.*, No. 12-cv-3681 (JFB)(GRB), 2013 WL 5202656,
at *13 (E.D.N.Y. Sept. 13, 2013) (*citing Crigger v. Fahnestock & Co.,* No. 01–cv–781, 2003 WL
22170607 (S.D.N.Y. Sept. 18, 2003) ("Typically, where a remedy at law will provide an adequate
action for compensatory damages, a court will not allow a claim in equity.")); *Bongat v. Fairview*
*Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 188–89 (E.D.N.Y. 2004) (holding same) (*citing*
*Strom v. Goldman, Sachs & Co.,* 202 F.3d 138, 144 n. 6 (2d Cir.1999)); *Poplar Lane Farm LLC*
*v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59 (2d Cir. 2011) ("Nor may Appellants assert
a claim in equity, as their complaint seeks damages, and they have failed to show "that they have
no adequate remedy at law."); *Yetnikoff v. Mascardo*, 63 A.D.3d 473, 475, 882 N.Y.S.2d 9, 12 (1st
Dep't 2009) (denying equitable defense where plaintiff had adequate remedy at law for money
damages).

Here, Danzer fails to provide any basis for maintaining his promissory estoppel claim
against Dr. Weitz when he simultaneously asserts a contract claim seeking the same monetary
damages on account of the same allegations—a claim that will proceed to trial. While Danzer
suggests a distinction between a promissory estoppel theory of "detrimental reliance" as opposed
to one based on a contract unenforceable due to the Statute of Frauds (Rule 56 Submission, p. 4,
*citing Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 824 (2d Cir. 1994)), he does not

---

[3] Such an "adequate remedy at law" exists where, as here, Danzer "can be compensated by a monetary
damages award." *Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 296 (E.D.N.Y. 2009)
(*citing Borey v. Nat'l Union Fire Ins. Co.,* 934 F.2d 30, 34 (2d Cir.1991)).

explain why that distinction allows him to seek monetary damages on his equitable claim, which he unequivocally does: at least $400,000 and the value of whatever equity he claims to have been promised in Shetel.  These are the very damages he seeks with respect to his contract claim, based on the same allegations. Indeed, that is why the Court dismissed Danzer's *identical* promissory estoppel claim against Shetel as duplicative of the contract claim. The duplicative nature of Danzer's claim against Dr. Weitz, too, highlights the existence of an adequate monetary remedy that Danzer will seek at trial.

Nothing in *Merex* or any of the other cases cited by Danzer contradicts the fact that his claim is an equitable one seeking monetary damages, and Danzer submits no precedent for ignoring the case law cited by the Court in the Order to allow it to proceed to trial. Nor does Danzer submit any new evidence, or point the Court to anything in the abundant record, to explain why such exception should be made here.  To the extent there is some reason why Danzer's contractual remedy is not adequate here, Danzer has not identified it.

## II.     <u>Danzer Confirms That He Has No Actionable Claim Against Dr. Weitz</u>

For the first time in these proceedings, Danzer's Rule 56 Submission discusses in at least some detail his allegations concerning his promissory estoppel claim against Dr. Weitz.  *See* Rule 56 Submission, p. 2.  In so doing, he underscores the absence of any theory of liability pursuant to which he could possibly assert claims against Dr. Weitz.

As discussed in Weitz's Brief in Support of Summary Judgment (ECF No. 61), the fact that Shetel was undisputedly formed on May 12, 2011 (Order, p. 4) disposes of any argument seeking to hold him liable for the actions he took on Shetel's behalf.  As the Court noted in the Order and as he noted in his Rule 56 Submission, Danzer testified that he and Weitz began discussing his leaving his prior employer to work for Shetel in or around August 2011, *after* Shetel

6

was already formed.  *See* Order, pp. 40-41.  Under New York law, promises made after the formation of a corporate entity do not bind the promisor acting on behalf of the formed entity.  *See* ECF No. 61, pp. 23-24.  Indeed, the very reason why the law would hold Dr. Weitz liable for promises he made *prior* to Shetel's formation, but not after, is to protect Danzer from negotiating with or relying on "a business entity that in fact does not exist."  *J.N.K. Mach. Corp. v. TBW, Ltd.*, 155 A.D.3d 1611, 1612–13, 65 N.Y.S.3d 382, 385–86 (4th Dep't 2017) (*citation omitted*).  In other words, if the entity did exist then it is *that* entity that provides a plaintiff with a proper defendant and thus adequate remedies to pursue as needed.

Here, Shetel existed during all discussions upon which Danzer claims to have relied, and there is no dispute that all such discussions turned on benefits and payments Danzer claims that *Shetel*, not Weitz, should have paid him.[4]  Indeed, there is no dispute that Danzer quit his former employer and joined Shetel in February 2012, nine months *after* Shetel was formed.  *See*, Order, p. 40.  Danzer—after years of discovery and multiple rounds of briefing this issue—is unable to identify any relevant evidence that predates Shetel's formation.[5]

Without evidence of any pre-Shetel discussions or communications between Dr. Weitz and Danzer, and given that the Court rejected his attempt to pierce Shetel's corporate veil (*see* Order, pp. 110-115), it is unclear under what theory of liability Danzer maintains his promissory estoppel

---

[4] There can be no dispute that all of the actions Danzer alleges Dr. Weitz to have taken were taken on behalf of the Shetel entity, and that the actions he allegedly took in reliance thereon were taken for the benefit of the Shetel entity. The relevant claim says as much, alleging that Dr. Weitz promised Danzer that Shetel would provide him commissions, and alleging that Danzer quit his job to "work exclusively for the benefit of [Shetel]."  TPC, pp. 105-106, at ¶¶116-117; *see also*, TPC, p. 53, ¶112 (describing Dr. Weitz's making "promises to Mr. Danzer on behalf of [Shetel]"); *id*., p. 76, ¶259 (explaining that Danzer expected to be paid "for the services rendered on behalf of [Shetel]…").

[5] Danzer's Rule 56 Submission mentions "initial e-mails [that] even pre-date the legal existence of Shetel" but then cites to pp. 41-42 of the Order, which cites no email or any other evidence pre-dating Shetel's May 12, 2011 formation.  The May 24, 2011 email discussed in the Order (at p. 41) not only post-dated the formation of Shetel but discusses Danzer's potential employment at the already-existent Shetel entity.

claim against Dr. Weitz individually.  "Under New York law, an individual officer or employee is not personally liable for promises made in connection with his or her corporate duties." *Rosenberg v. Home Box Office, Inc.*, No. 0601924/2005, 2006 WL 5436822 (N.Y. Sup. Ct. Jan. 30, 2006) (dismissing promissory estoppel claim against corporate officer) (*citing It's All Good. Inc. v International Creative Mgmt., Inc.,* 1995 WL 622511, *5 (S.D.N.Y. 1995).[6]

Courts regularly dismiss such claims where, as here, a plaintiff brings suit against a corporate officer of a company that was acting on that company's behalf but makes no allegation of the officer's affirmatively promising to compensate her personally.  *See*, *e.g.*, *Rapay v. Chernov*, No. 16-cv-4910 (DLC), 2017 WL 892372, at *5 (S.D.N.Y. Mar. 6, 2017) (dismissing promissory estoppel claim against individual defendants where it was employer *entity* that agreed to pay plaintiff for worked performed *for entity*); *Katsoolis v. Liquid Media Grp., Ltd.*, No. 18-cv-9382 (LGS), 2019 WL 4735364, at *4 (S.D.N.Y. Sept. 27, 2019) (dismissing promissory estoppel claim as to individual defendants absent allegations they "promised that they would personally compensate Plaintiff for her work") (*citing Seguros Nuevo Mundo S.A. v. Trousdale*, 670 F. App'x 4, 5 (2d Cir. 2016); *Super Am. Tissue, Inc. v. Glob. Equip. & Mach. Sales, Inc.*, No. 18-cv-3851 (LGS), 2019 WL 6211709, at *3 (S.D.N.Y. Nov. 21, 2019) ("Complaint does not allege facts showing that Defendant [] promised that he would pay Plaintiff []in his individual capacity… To the extent Defendant was involved in forming resale contract, he was acting as agent of GEMS.").

Here, Danzer "has pleaded *no* facts supporting an inference that [Dr. Weitz] committed fraud or wrongdoing or acted in a capacity other than his official one as [a principal] of the corporate defendant." *Novak v. Scarborough All. Corp.*, 481 F. Supp. 2d 289, 293 (S.D.N.Y. 2007)

---

[6] In the context of Danzer's conversion claim, the Court noted the possibility that a corporate officer could be held liable for *torts* committed in the course of his corporate duties.  Order, pp. 115-116. As noted *supra,* however, Danzer has since dropped that claim against Dr. Weitz.

(emphasis in original) (when contract and promissory estoppel claims "arise from the same nucleus of operative facts and allege…the same actions… requirement that plaintiff pierce the corporate veil in order to hold [defendant] personally liable applies with equal force to each of them."). Nor has Danzer proffered any evidence supporting any claim that Dr. Weitz committed fraud or wrongdoing, or in any way acted in a personal capacity.

## III.   The Promissory Estoppel Claim Fails Since It Is Pled Solely In Employment Context

Danzer purports to have submitted "ample testimonial and documentary proof" supporting his claim that Weitz promised him certain things, "without a promise of which he would not have left his prior employer, who paid better." Rule 56 Submission, p. 3. Setting aside the very absence of any such testimonial or documentary proof, Danzer now explicitly grounds his promissory estoppel claim in the context of his leaving one employment opportunity for another hoping to be "paid better."

But "New York law does not recognize promissory estoppel in the employment context." *Blodgett v. Siemens Indus., Inc.*, No. 13-cv-3194(JMA)(AKT), 2018 WL 385477, at *5 (E.D.N.Y. Jan. 11, 2018) (*citing Shapira v. Charles Schwab & Co.*, 225 F. Supp. 2d 414, 419 (S.D.N.Y. 2002); *see also Allison v. Clos-ette Too, LLC*, No. 14-cv-1618 (LAK)(JCF), 2014 WL 4996358, at *9 (S.D.N.Y. Sept. 15, 2014), *report and recommendation adopted sub nom*, *Ellison v. Clos-ette Too, LLC*, No. 14-cv-1618 (LAK), 2014 WL 5002099 (S.D.N.Y. Oct. 7, 2014) (*citing Van Brunt v. Rauschenberg*, 799 F.Supp. 1467, 1473 (S.D.N.Y.1992)); *Dalton v. Union Bank of Switzerland*, 134 A.D.2d 174, 176, 520 N.Y.S.2d 764, 766 (1st Dep't 1987) ("The fact that defendant promised plaintiff employment at a certain salary with certain other benefits, which induced him to leave his former job and forego the possibility of other employment in order to remain with defendant, does not create a cause of action for promissory estoppel.")).

Danzer thus pleads a promissory estoppel claim not recognized by New York law, under a theory that courts have confronted and dismissed.  In *Rosenberg*, for example, the Supreme Court of New York flatly rejected that plaintiff's argument that his suing an individual officer of his employer meant his promissory estoppel did not arise "in the employment context" and was thus permissible.  In dismissing that claim, it was clear to the court there that, as here, the plaintiff sued his employer's officer "for a promise he allegedly made on behalf of [the employer] concerning plaintiff's" employment." *Rosenberg*, 2006 WL 5436822 ("Clearly, the alleged promise related to an act to be performed in [a] corporate capacity.").  Such a claim for promissory estoppel does not lie under New York law and should not proceed to trial here.

## **CONCLUSION**

For the foregoing reasons, as stated herein as well as in his initial papers seeking dismissal and his papers seeking summary judgment, Dr. Weitz respectfully request that the Court grant him summary judgment with respect to Danzer's Fourteenth Third-Party Claim for promissory estoppel with prejudice, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
        November 16, 2020

                                    **AMINI LLC**

                                    By:  /s/ *Noam Besdin*
                                            Bijan Amini
                                            Noam Besdin
                                    131 West 35th Street, 12th Floor
                                    New York, NY  10001
                                    (212) 490-4700
                                    *Attorneys for Shetel Industries LLC,*
                                    *Osseogroup LLC and Dr. Markus Weitz*