UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHETEL INDUSTRIES LLC,

                        Plaintiff,

          -against-

ADIN DENTAL IMPLANT SYSTEMS, INC.,
ADIN DENTAL SOLUTIONS USA, INC.,
and JEREMY DANZER,

                   Defendants.
----------------------------------------------------------------X
ADIN DENTAL IMPLANT SYSTEMS, INC.,
ADIN DENTAL SOLUTIONS USA, INC.,
and JEREMY DANZER,

       Counterclaimants and Third-Party Plaintiffs,

          -against-

SHETEL INDUSTRIES LLC, OSSEOGROUP LLC,
and DR. MARKUS WEITZ as Director and President
of SHETEL INDUSTRIES LLC, and Individually,

       Counterclaim and Third-Party Defendants.
----------------------------------------------------------------X

**ORDER**
17-CV-2505(SJF)(ARL)

FILED
CLERK

12:41 pm, Mar 23, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

       Pending before the Court is the response by defendants Adin Dental Implant Systems,

Inc. ("Adin"), Adin Dental Solutions USA, Inc. ("Adin USA Newco"), and Jeremy Danzer

("Danzer") (collectively, the "Adin Parties") to the Court's order, dated September 30, 2020,

(Docket Entry 72), *inter alia*, directing them to show cause why summary judgment should not

be granted pursuant to Rule 56(f) of the Federal Rules of Civil Procedure dismissing Danzer's

promissory estoppel, unjust enrichment and conversion claims against third-party defendant Dr.

Markus Weitz ("Weitz") (fourteenth, seventeenth and eighteenth third-party claims, respectively)

in their entirety with prejudice; and the reply thereto of Weitz and plaintiff Shetel Industries LLC ("Plaintiff" or "Shetel") (collectively, the "Shetel Parties"). For the reasons set forth below, Danzer's third-party claims against Weitz for unjust enrichment and conversion are dismissed in their entirety and the Shetel Parties are granted summary judgment pursuant to Rule 56(f) dismissing Danzer's third-party claim against Weitz for promissory estoppel in its entirety with prejudice.

I.      Discussion[1]

      A.      Standard of Review

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *accord Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007); *see also Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009) ("On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (emphasis added)). "A fact is material if it 'might affect the outcome of the suit under the governing law[.]'" *Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 25 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

---

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, footnotes, and alterations.

In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party," *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017), and "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019); *see also Hancock v. County of Rensselaer*, 882 F.3d 58, 64 (2d Cir. 2018) ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party.") "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Pollard v. New York Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505); *accord Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 113-14 (2d Cir. 2017). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci*, 557 U.S. at 586, 129 S. Ct. at 2677; *accord Baez v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015).

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013); *accord Jaffer*, 887 F.3d at 114. "[W]hen the moving party has carried its burden[,] . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [,]" *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008). The nonmoving

party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012). "'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat a summary judgment motion[,]" *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quoting *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505); and "[a] court cannot credit a plaintiff's merely speculative or conclusory assertions." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012); *see also Federal Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) ("[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."); *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) ("While we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, . . . conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment[.]"). Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] . . . [i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S. Ct. 2505.

Summary judgment is warranted, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *accord El-Nahal v. Yassky*, 835 F.3d 248, 252 (2d Cir. 2016); *see also Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014) ("[W]here the nonmoving party will bear the

burden of proof on an issue at trial, the moving party may satisfy its burden [of showing the absence of a genuine dispute as to any material fact] by pointing to an absence of evidence to support an essential element of the nonmoving party's case"). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, 106 S. Ct. 2548; *accord Crawford*, 758 F.3d at 486; *see also Chandok v. Klessig*, 632 F.3d 803, 812 (2d Cir. 2011) ("Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment.") "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. Accordingly, when "the burden of persuasion at trial would be on the non-moving party . . . the party moving for summary judgment may satisfy his burden of production under Rule 56 in either of two ways: (1) by submitting evidence that negates an essential element of the non-moving party's claim, or (2) by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim." *Nick's Garage*, 875 F.3d at 114; *see also DeRogatis v. Bd. of Trs. of Welfare Fund of Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFLCIO ("In re DeRogatis")*, 904 F.3d 174, 187 (2d Cir. 2018) (holding that when the ultimate burden of proof at trial would be on the non-moving party, the moving party "may satisfy their burden of production under Rule 56 by negating an essential

element of the [non-moving party's] claim, whether by submitting undisputed evidence to that effect or by demonstrating the insufficiency of the [non-moving party's] own evidence.")

B.      Danzer's Unjust Enrichment and Conversion Claims against Weitz

In response to the September 30, 2020 order to show cause, Danzer indicates that he is withdrawing both his unjust enrichment and conversion third-party claims against Weitz. (Adin Parties' Supplemental Memorandum of Law in Opposition to Shetel Parties' Partial Summary Judgment Motion ["Adin Parties' Supp. Mem."] at 1, n. 1). Accordingly, those claims (seventeenth and eighteenth third-party claims, respectively) are dismissed in their entirety.

C.      Danzer's Promissory Estoppel Claim against Weitz

1.      Adequate Remedy at Law

Promissory estoppel is an equitable claim, *Lowinger v. Lowinger*, 287 A.D.2d 39, 45, 733 N.Y.S.2d 33 (N.Y. App. Div. 2001), *lv. denied*, 98 N.Y.2d 605, 746 N.Y.S.2d 279, 773 N.E.2d 1017 (N.Y. 2002); *Arias v. Women in Need, Inc.*, 274 A.D.2d 353, 354, 712 N.Y.S.2d 103 (N.Y. App. Div. 2000), and a plaintiff must show that he or she has no adequate remedy at law before equitable relief will be granted. *Brown v. Sandimo Materials*, 250 F.3d 120, 127 (2d Cir. 2001); *see also Superintendent of Ins. for State of N.Y. v. Ochs ("In re First Cent. Fin. Corp.")*, 377 F.3d 209, 215 (2d Cir. 2004) ("It is well-established under New York law that equity will not entertain jurisdiction where there is an adequate remedy at law."); *e.g. Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59, n. 1 (2d Cir. Nov. 30, 2011) (summary order) (dismissing, *inter alia*, the plaintiffs' quasi contractual claims on the basis that a valid

agreement governed the subject matter of the dispute between parties and the claims were not

based on a duty independent of the contract, but also noting that plaintiffs may not "assert a

claim in equity, as their complaint seeks damages, and they have failed to show that they have no

adequate remedy at law.")

In the September 30, 2020 order, *inter alia*, the Shetel Parties were granted summary

judgment dismissing Danzer's promissory estoppel counterclaim against Shetel on the basis that

it is impermissibly predicated on allegations that Shetel violated the same promises made under

its oral employment agreement with Danzer and, thus, is duplicative of Danzer's breach of

contract counterclaim against Shetel. Specifically, the Adin Parties' eighteenth counterclaim for

breach of contract alleges, *inter alia*, (i) that Shetel and Weitz promised Danzer a written

contract of employment; (ii) that "contractual terms arose out of a combination of the oral

representations made by Dr. Weitz to Mr. Danzer and his wife in the first quarter of 2012 and the

subsequent course of conduct of Plaintiff [Shetel] and Mr. Danzer," pursuant to which "Plaintiff

was obligated to pay commissions to Mr. Danzer for all sales by Plaintiff, provide health and

dental insurance, make matching contributions to Mr. Danzer's 401k account, and provide Mr.

Danzer with ownership of a percentage of Plaintiff's stock[;]" (iii) that in "[]reliance on the

promises of Dr. Weitz and Plaintiff as well as the resulting contract with Plaintiff, Mr. Danzer

left his prior employment and worked exclusively for Plaintiff[;]" and (iv) that Shetel breached

its agreement with Danzer by "having failed to pay him amounts owed for commissions, provide

health and dental insurance, make matching contributions to Mr. Danzer's 401k account, and

provide Mr. Danzer ownership of a percentage of Plaintiff's stock." (CC, ¶¶ 244-50). Thus,

Danzer's breach of contract claim against Shetel alleges: (i) that he was promised by Shetel,

pursuant to a contract with Shetel, that he would receive certain commissions, health and dental benefits, 401(k) contributions and equity ownership of Shetel itself; (ii) that Shetel breached the contract by failing to provide the commissions, benefits, 401(k) contributions and equity ownership; and (iii) that such failure damaged Danzer to the tune of no less than four hundred thousand dollars ($400,000.00), plus the value of an unidentified portion of Shetel stock. Shetel has not moved to dismiss Danzer's breach of contract counterclaim against it and that claim will proceed to trial.

Likewise, the Adin Parties' nineteenth counterclaim for promissory estoppel alleges, *inter alia*, that Shetel and Weitz "unambiguously promised Mr. Danzer that Plaintiff would pay commissions to Mr. Danzer for all sales by Plaintiff, provide health and dental insurance, make matching contributions to Mr. Danzer's 401k account, and provide Mr. Danzer with ownership of a percentage of Plaintiff's stock[;]" and that "[i]n reasonable and foreseeable reliance on the promises of Plaintiff and Dr. Weitz, Mr. Danzer quit his prior employment and worked exclusively for the benefit of Plaintiff, originating extensive sales and significant revenue for the benefit of Plaintiff." (CC, ¶¶ 253-54). As noted above, the Court's September 30, 2020 granted summary judgment dismissing that counterclaim against Shetel on the basis that it is impermissibly predicated on allegations that Shetel violated the same promises made under its oral employment agreement with Danzer and, thus, is duplicative of Danzer's breach of contract counterclaim against Shetel.

Similarly, Danzer's promissory estoppel claim against Weitz (fourteenth third-party claim) alleges, *inter alia*, that Weitz "unambiguously promised" him that Shetel would pay him commissions, provide him with health and dental insurance and "an ownership of a percentage of

Plaintiff's stock," and make matching contributions to his 401k account; and that Danzer "quit his job [and] worked exclusively for the benefit of Plaintiff," in reasonable and foreseeable reliance on such promises. (TPC, ¶¶ 116-117). In other words, Danzer's promissory estoppel claim against Weitz is based upon the same allegations as his breach of contract and promissory estoppel counterclaims against Shetel, with the exception that he omits any reference to Shetel's alleged promises in his third-party claim against Weitz.

Danzer thus asserts three (3) claims setting forth the same substantive allegations and demanding the same damages: two (2) against Shetel (one contractual and one equitable) and another against Weitz (equitable only). Danzer fails to provide any basis for maintaining his promissory estoppel claim against Weitz when he simultaneously asserts a breach of contract claim seeking the same damages on account of the same allegations against the entity on whose behalf Weitz was acting, which will proceed to trial. The duplicative nature of Danzer's promissory estoppel claim against Weitz highlights the existence of an adequate remedy at law. In any event, Danzer's promissory estoppel claim against Weitz fails for the following additional reasons as well.[2]

### 2.      Personal Liability of Weitz

Since the Court previously rejected the Adin Parties' attempt to pierce Shetel's corporate veil, (*see* 9/30/20 Order at pp. 110-115), the fact that Shetel was undisputedly formed on May 12, 2011 disposes of any argument seeking to hold Weitz personally liable for actions he took on

---

[2] During a pretrial conference before the undersigned on March 18, 2021, counsel for the Adin Parties declined the opportunity to respond to the new arguments raised by the Shetel Parties in their supplemental brief in support of summary judgment dismissing Danzer's promissory estoppel claim against Weitz.

Shetel's behalf.

"According to the well settled general rule, individual officers or directors are not

personally liable on contracts entered into on behalf of a corporation if they do not purport to

bind themselves individually." *J.N.K. Mach. Corp. v TBW, LTD.*, 155 A.D.3d 1611, 1612, 65

N.Y.S.3d 382 (N.Y. App. Div. 2017); *accord BCI Constr. v Whelan*, 67 A.D.3d 1102, 1103, 888

N.Y.S.2d 272 (N.Y. App. Div. 2009); *see also Seguros Nuevo Mundo S.A. v. Trousdale*, 670 F.

App'x 4, 5 (2d Cir. Nov. 1, 2016) (summary order) ("Under New York law, where an individual

acts in his capacity as an agent of a disclosed principal, the agent will not be personally bound

unless there is clear and explicit evidence of the agent's intention to substitute or superadd his

personal liability for, or to, that of his principal.") "However, it is also well established that an

agent who acts on behalf of a nonexistent principal may be held personally liable on the

contract." *J.N.K.* 155 A.D.3d at 1612, 65 N.Y.S.3d 382; *accord Comm'rs of State Ins. Fund v

Staulcup*, 95 A.D.3d 1259, 1261, 945 N.Y.S.2d 355 (N.Y. App. Div. 2012); *Spring Valley

Improvements, LLC v Abajian*, 40 A.D.3d 619, 619-20, 835 N.Y.S.2d 638 (N.Y. App. Div.

2007). "Such liability is based on the rule that one who assumes to act as agent for a nonexistent

principal is himself or herself liable on the contract in the absence of an agreement to the

contrary and on the theory of a breach of an implied warranty of authority." *Sutton v Houllou*,

191 A.D.3d 1031, --- N.Y.S.3d --- (N.Y. App. Div. 2021). As explained by the Supreme Court of

the State of New York, Appellate Division, Fourth Judicial Department,

> "The rule was designed to protect a party who enters into a contract where the other
> signatory represents that he is signing on behalf of a business entity that in fact does
> not exist, under any name. [] Thus, as long as the identity of the corporation can be
> reasonably established from the evidence, an error in the use of the corporate name
> will not be permitted to frustrate the intent which the name was meant to convey [].

In such a situation, [] there is no need or basis to impose personal liability on the person who signed the contract as agent for the entity. . . .

Thus, courts have determined that the individual who signed the contract may be liable where there was *no* existing corporation *under any name* because, under those circumstances, the plaintiff has no remedy except against the individuals who acted as agents of those purported corporations. . . . Where, as here, there was an existing corporation . . . courts have declined to impose liability on the individual who signed the contract because the plaintiff has a remedy against the existing . . . corporation."

*J.N.K.*, 155 A.D.3d at 1612-13, 65 N.Y.S.3d 382 (emphasis in original).

Since the evidence demonstrates that Shetel existed at all relevant times and Danzer failed to establish that Weitz wrongfully purported to act on behalf of a nonexistent or undisclosed corporation, there is no basis for imposing personal liability upon Weitz for what is essentially a breach of contract claim against Shetel. Indeed, courts regularly dismiss such claims where, as here, a plaintiff brings suit against a corporate officer of a company that was acting on that company's behalf but makes no allegation of the officer's affirmatively promising to compensate him personally. *See, e.g. Rapay v. Chernov*, No.16cv4910(DLC), 2017 WL 892372, at *5 (S.D.N.Y. Mar. 6, 2017) (dismissing the plaintiff's promissory estoppel claim against the individual defendants based upon alleged promises she would be paid for her costume design work because the amended complaint described "an agreement by [the company] to pay her for work to be performed for [the company]. There is no basis for a promissory estoppel claim against any other defendant."); *Katsoolis v. Liquid Media Grp., Ltd.*, No. 18 Civ. 9382, 2019 WL 4735364, at *4 (S.D.N.Y. Sept. 27, 2019) (dismissing promissory estoppel claim as to all individual defendants when the complaint did not allege that those defendants promised that they would personally compensate the plaintiff for her work; the draft contract promised only that the employer-company would pay; and to the "extent the individual Defendants were involved in

11

negotiating or performing the 2018 Contract, they were acting only as agents of [the employer-company].”); *Super Am. Tissue, Inc. v. Glob. Equip. & Mach. Sales, Inc.*, No. 18 Civ. 3851, 2019 WL 6211709, at *3 (S.D.N.Y. Nov. 21, 2019) (dismissing claims against the individual defendant because “[t]o the extent Defendant Feldman was involved in forming the resale contract, he was acting as an agent of GEMS.”); *Braun v. CMGI, Inc.*, No. 99 Civ. 12328(WHP), 2001 WL 921170, at *12 (S.D.N.Y. Aug. 14, 2001), *aff’d*, 64 F. App’x 301 (2d Cir. May 19, 2003) (dismissing promissory estoppel claim against individual defendant where there was no evidence that he “acted outside the scope of his authority [] or without the complete authority of CMGI’s Board.”) Accordingly, Danzer cannot maintain a promissory estoppel claim against Weitz, personally.

3.      Promissory Estoppel in Employment Context

“[C]ourts in this Circuit disagree regarding the extent to which New York law permits promissory estoppel claims in the employment context.” *Christian v. TransPerfect Glob., Inc.*, No. 17-cv-5554, 2018 WL 4571674, at *8 (S.D.N.Y. Sept. 24, 2018) (citing cases). “While courts applying the bar have generally embraced the broad terms that the cause of action is not permitted ‘in the employment context,’ . . . they have generally applied the bar when no promise arises that is separate from an employment relationship.” *Id.* (citing cases).

Since Danzer has not demonstrated any promise that is separate from the employment relationship with Shetel, he cannot maintain a cause of action for promissory estoppel against Weitz. *See, e.g. Zakrzewski v Luxoft USA*, 151 A.D.3d 573, 574, 58 N.Y.S.3d 310 (N.Y. App. Div. 2017) (dismissing promissory estoppel claim based upon failure to pay promised yearly

bonus "since plaintiff does not allege a duty independent of the employment agreement.");

*Ashmore v. CGI Grp. Inc.*, No. 11 Civ. 8611(LBS), 2012 WL 2148899, at *7 (S.D.N.Y. June 12,

2012) (holding that the plaintiff could not invoke the doctrine of promissory estoppel to obtain

relief for the defendants' failure to pay him a promised bonus); *Peter Lampack Agency v Grimes*,

93 A.D.3d 430, 431, 939 N.Y.S.2d 409 (N.Y. App. Div. 2012) (holding that the proposed

amended complaint failed to state a cause of action for promissory estoppel "because the promise

alleged--to pay commissions for extensions of the agreement-- is not a legal duty independent of

the agreement but arises out of the agreement itself."); *Dreyfuss v. eTelecare Glob. Sols.-US,

Inc.*, No. 08 Civ. 1115(RJS), 2010 WL 4058143, at *10 (S.D.N.Y. Sept. 30, 2010) (dismissing

promissory estoppel claims based upon failure to pay promised commissions); *Deutsch v. Kroll

Assocs., Inc.*, No. 02 Civ. 2892(JSR), 2003 WL 22203740, at *3 (S.D.N.Y. Sept. 23, 2003)

(dismissing promissory estoppel claims based upon failure to pay promised wages and benefits

and failure to pay severance benefits); *Graff v. Enodis Corp.*, No. 02 Civ. 5922(JSR), 2003 WL

1702026, at *2 (S.D.N.Y. Mar. 28, 2003) (finding that the plaintiff's promissory estoppel claim

asserting that he "was promised that he would receive commissions, in accordance with a written

schedule, upon his procurement of orders, regardless of when shipped or invoiced," and that he

relied on that promise in leaving his previous employ and foregoing a change of employment,

was insufficient as a matter of law); *Dalton v Union Bank of Switzerland*, 134 A.D.2d 174, 176,

520 N.Y.S.2d 764 (N.Y. App. Div. 1987) ("The fact that defendant promised plaintiff

employment at a certain salary with certain other benefits, which induced him to leave his former

job and forego the possibility of other employment in order to remain with defendant, does not

create a cause of action for promissory estoppel.")

Accordingly, for the reasons set forth herein, the Shetel Parties are granted summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure dismissing Danzer's promissory estoppel against Weitz (fourteenth third-party claim) in its entirety with prejudice.

II.      Conclusion

For the reasons set forth above, Danzer's claims against Weitz for unjust enrichment and conversion (seventeenth and eighteenth third-party claims, respectively) are dismissed in their entirety and the Shetel Parties are granted summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure dismissing Danzer's claim against Weitz for promissory estoppel (fourteenth third-party claim) in its entirety with prejudice. Accordingly, the third-party complaint is dismissed in its entirety with prejudice. For the sake of clarity, in addition to Shetel's claims against the Adin Parties, the following claims by the Adin Parties remain in this action: (i) Adin's and Danzer's breach of contract counterclaims against Shetel (first and eighteenth counterclaims, respectively); (ii) Adin's conversion counterclaim against Shetel (fifth counterclaim); and (iii) Danzer's counterclaim against Shetel alleging a violation of Section 191(c) of the New York State Labor Law (twenty-second counterclaim). There being no just reason for delay, the Clerk of the Court shall enter judgment in favor of Weitz pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

__ _     /s/_____ _
Sandra J. Feuerstein
United States District Judge

Dated: March 23, 2021
      Central Islip, New York

14