**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHETEL INDUSTRIES LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:17-cv-02505-SJF-ARL |
| | ) |
| vs. | ) |
| | ) |
| ADIN DENTAL IMPLANT SYSTEMS, | ) |
| INC., ADIN DENTAL SOLUTIONS USA, | ) |
| INC., and JEREMY DANZER, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| ADIN DENTAL IMPLANT SYSTEMS, INC. | ) |
| ADIN DENTAL SOLUTIONS USA, INC., | ) |
| and JEREMY DANZER, | ) |
| | ) |
| Counterclaimants and Third-Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| SHETEL INDUSTRIES LLC, OSSEOGROUP | ) |
| LLC, and MARKUS WEITZ as Director and | ) |
| President of SHETEL INDUSTRIES LLC, and | ) |
| Individually, | ) |
| | ) |
| Counterclaim and Third-Party Defendants. | ) |

## PLAINTIFF'S PRE-TRIAL BRIEF

**AMINI LLC**
**131 West 35th Street, 12th Floor**
**New York, NY 10001**
**(212) 490-4700**
**Attorneys for *Attorneys for Shetel Industries LLC,***
***Osseogroup LLC and Markus Weitz***

**INTRODUCTION**

Plaintiff Shetel Industries LLC ("Shetel" or "Plaintiff") was formed in 2011 by Dr. Markus Weitz and Jeremy Frenkel. Messrs. Weitz and Frenkel's intention was to develop, trademark and sell their own dental implants and related items. Instead, Shetel agreed to be the exclusive U.S. distributor for an Israeli company, defendant Adin Dental Implant Systems, Inc. ("Adin"). In the five years that followed, Shetel promoted and sold Adin's products nationwide.

Subsequently, Shetel engaged Jeremy Danzer, the individual defendant and counterclaim-plaintiff, as its director of national sales, a position Mr. Danzer held until July 2016. At about the time of Mr. Danzer's departure, Shetel and Adin had been engaged in negotiations for Adin to purchase Shetel and all of its customer base and operations. This case arose when, instead, Adin hired Mr. Danzer, who together with at least two of Shetel's other salespersons surreptitiously took Shetel's customer list and corresponding sales data to start Adin's new U.S. operations, defendant Adin Dental Solutions USA, Inc. ("Adin USA") while simultaneously soliciting Shetel's existing customers to no longer do business with it. Worse still, while actively encouraging existing customers to abandon Shetel, Adin warned customers Shetel was selling inauthentic, and unwarranted product and had or was going out of business. As a result of defendants' actions, Shetel's business, which Adin had indicated it would pay over $1 million for net of Shetel's inventory, was instead rendered unsustainable and without value. The claims in this case relate to those simple underlying facts.

**Plaintiff's Claims**

On September 13, 2016, after Plaintiff had already terminated his email access, Mr. Danzer hacked into his former work email account and sent eighteen (18) emails to his personal email account containing and attaching Plaintiff's confidential, proprietary and trade secret

1

information. Mr. Danzer stole, among other things, the names and contact information for hundreds of Plaintiff's customers, Plaintiff's sales history, Plaintiff's sales forecasts, information regarding Plaintiff's sales leads, and Plaintiff's internal notes regarding communications with its actual and potential customers. Mr. Danzer subsequently took the information with him to Adin USA, which was formed the day after he'd hacked into Shetel's files.

Mr. Danzer subsequently assisted Kseniya Shyrokava, a then employee of the Plaintiff who'd reported to Mr. Danzer while he was still at Shetel, as to how to pilfer Shetel's information or the Plaintiff's clients whom she had serviced or been in contact with when she left Plaintiff's employ a short time later. Both she and another employee of Plaintiff would subsequently join Adin USA, taking Shetel's client information and continuing to service the same clients except now for Adin USA, and in direct violation of their written employment agreements with the Plaintiff.

These acts of misappropriation form the basis for the Plaintiff's claims for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq. (Amended Complaint, Count One, ¶¶61- 74) and under New York state law (id., Count Two, ¶¶75-86); trespass to chattels (against Defendant Danzer only, id., Count Three, ¶¶87-94); and unjust enrichment (id., Count Four, ¶¶95-98). The knowing violation of Ms. Shyrokava and another salesperson, John White's, employment agreements with Shetel form the basis for the Plaintiff's additional claims for tortious interference with contract (id., Count Eight, ¶¶120-127); and because of their solicitation of Shetel's existing customers tortious interference with prospective business relations (id., Count Nine, ¶¶128-136). The Plaintiff will submit expert testimony to demonstrate that defendants' acts of misappropriation and interference cost the

Plaintiff hundreds of thousands of dollars, and benefitted defendants by more than one million dollars.

Plaintiff's claims also extend to statements made by defendant Danzer and others employed by Adin and Adin USA to lead Plaintiff's clients to believe Shetel was selling inauthentic merchandise, had been taken over by Adin and ultimately had gone out of business. These claims, which will have to await defendants' testimony at trial, form the basis of Plaintiff's claims for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (id., Count Five, ¶¶99-105), and under New York state law (id., Count Six, ¶¶106-112); and defamation per se (id., Count Seven, ¶¶113-119).

At no time in this case have defendants challenged any basis for Plaintiff's claims although of course they would be expected to at trial. Plaintiff recognizes that the evidence to be adduced through the witnesses and documents it intends to introduce at trial will determine whether it prevails on its claims.

**Defendants' Counterclaims**

Both the Adin defendants and Mr. Danzer have asserted counterclaims against the Plaintiff, though the vast majority of them together with all the third-party claims asserted against Dr. Weitz individually and another entity owned by him and Mr. Frenkel were dismissed in the Court's prior summary judgment decisions (Order Doc. #72, p.119; Order Doc. #79, p.14). Only four counterclaims asserted by the defendants remain.

The Adin entity defendants have asserted a claim for a myriad of breaches of contract (First Counterclaim) and conversion (Fifth Counterclaim). In addition to a lack of basis for many of the claims, the evidence will show that it was defendants' actions to put Shetel out of business that caused what Adin now alleges are breaches of contract.

3

Mr. Danzer similarly has an unspecified, at least as of the close of discovery, breach of contract claim (Eighteenth Counterclaim),  as well as associated New York Labor Law §191 and §198(1-a) claims  (Twenty-Second Counterclaim) alleging that he has not received any once again undefined commission payments from Shetel since he "was terminated on September 15, 2016."  Plaintiff is unawares of any evidence to support such claims as Mr. Danzer was paid everything he was owed or even asked for, including a salary well after he left.

## <u>CONCLUSION</u>

Plaintiff is prepared to respond to any inquiry the Court may have, or further brief any claim or issue requested.  Otherwise, Plaintiff is prepared to proceed to trial.

Dated: New York, New York
      November 15, 2021

                        AMINI LLC


                        By:   s/ Bijan Amini
                            Bijan Amini
                        131 West 35th Street, 12th Floor
                        New York, NY  10001
                        (212) 490-4700
                        bamini@aminillc.com
                        *Attorneys for Shetel Industries LLC,*
                        *Osseogroup LLC and Markus Weitz*